## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00699-WJM-MEH

JULIE JOHNSON,

      Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

      Defendant.

---

### STIPULATED AMENDED PROTECTIVE ORDER

      Pursuant to Fed. R. Civ. P. 26(c) and the Court's order [ECF No. 21], each party and each Counsel of Record stipulate and move the Court to enter the following Amended Protective Order concerning the treatment of Confidential Information (as hereinafter defined):

      1.      In this action, plaintiff Julie Johnson ("Johnson") has sought the production of Confidential Information (as defined in paragraph 2 below).  Defendant Life Insurance Company of North America ("LINA") asserts that the disclosure of such information outside the scope of this litigation could result in significant injury to LINA's business or privacy interests.  The parties have entered into this Stipulation and request the Court enter the within Amended Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

      2.      "Confidential Information" means any document designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential proprietary information.

The burden of proving that a confidential document contains Confidential Information is on the party that has designated the document as confidential.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

> By imprinting the words "Confidential Information" on every page of any document produced that the producing party considers to contain Confidential Information. The imprinting of the words "Confidential Information" shall not cover any text or other content of the document.

4. All Confidential Information provided by a Party in response to a discovery request shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Qualified persons authorized to review and to receive Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency in any way contrary to this agreement unless authorized to do so by court order or by written agreement of the parties.

6. Confidential documents shall be disclosed only to "qualified persons." Qualified persons are limited to: (a) counsel of record for the parties and the parties; (b) non-technical and clerical staff employed by the counsel of record and involved in the preparation and trial of this action; (c) experts and consultants retained by the parties for the preparation or trial of this case; and (d) the court, the court's staff, witnesses, deponents, and the jury in this case.

7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made of Confidential Information pursuant to paragraph 9 above.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate written motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 20th day of November, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**STIPULATED AND AGREED:**

| | |
|---|---|
| DATED this 10th day of November, 2015. | DATED this 10th day of November, 2015. |
| MCDERMOTT LAW LLC | HOLLAND & HART LLP |
| By : s/ *Shawn E. McDermott* | By: *s/Jack M. Englert, Jr.* |
| Shawn E. McDermott<br>2300 15th Street, Suite 200<br>Denver, CO  80202<br>(303) 964-1800<br>shawn@mcdermottlaw.net | Jack M. Englert, Jr.<br>6380 S. Fiddler's Green Circle, Suite 500<br>Greenwood Village, CO  80111<br>(303) 290-1087<br>jenglert@hollandhart.com |
| **Attorneys for Plaintiff** | **Attorneys for Defendant** |

# EXHIBIT A

# AFFIDAVIT

STATE OF _____  )
                                                 ) ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

      1.     I have read the Protective Order in *Johnson v. Life Ins. Co. of N. Am.,* No. 15-cv-00699-WJM-MEH a copy of which is attached to this Affidavit.

      2.     I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

      3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

      4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      5.     I will abide by the terms of the Protective Order.

                                                                        _____
                                                                       (Signature)

                                                                    _____
                                                                       (Print or Type Name)

                                                                        Address:

                                                                        _____

                                                                        _____

                                                                        Telephone No.: (\_\_\_\_\_)_____

8126831\_1